**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SHELAGH A. SANTOS,** <br> **on behalf of herself and all others** <br> **similarly situated,** <br>                 **Plaintiff** <br> <br> v. <br> <br> **GOLD & VANARIA, P.C. and** <br> **SEYMORE-JAMES, LLC.,** <br> <br>                 **Defendant** | ) <br> ) <br> ) <br> ) <br> ) <br> )    **Civil Action No.** <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In this action, plaintiff contends that defendants - both considered to be debt collectors under, and therefore covered by, the FDCPA – made certain statements in a dunning letter to plaintiff and in a court complaint filed against the plaintiff which violated a number of provisions of the FDCPA. Since these documents appear to be standard ones utilized by defendants, plaintiff seeks redress on behalf of herself and other similarly situated Massachusetts consumers.

**Parties**

1. Plaintiff Shelagh A. Santos is an individual who at all relevant times has resided in Dracut, Middlesex County, Massachusetts.

2. Defendant Gold & Vanaria, P.C. ("Gold") is a law firm with a principal place of business in Springfield, Massachusetts, and is, on information and belief, a Massachusetts professional corporation.

3. Defendant Seymore-James LLC ("Seymore") is on information and belief a Massachusetts limited liability company with a principal place of business in Springfield, Massachusetts.

**Jurisdiction and Venue**

4. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any claims arising under state law.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

6. At all relevant times defendant Gold has been a "debt collector" within the meaning of 15 U.S.C. §1692a(6) because it regularly collects or attempts to collect consumer debts owed or alleged to be owed another.

7. At all relevant times defendant Seymore has been a "debt collector" within the meaning of 15 U.S.C. §1692a(6) because it acquired the consumer debts at issue after default.

8. Gold sent plaintiff a letter dated November 20, 2008 on behalf of Seymore, a true copy of which is appended hereto as exhibit A. The letter stated, in part, that if defendants decided to file suit against plaintiff, "[s]uch suit may be commenced by attachment of real estate or personal property and, after Judgment, by the attachment of wages."

9. In or about July, 2009, Gold filed a civil complaint against plaintiff on behalf of Seymore in the Lowell District Court, a true copy of which is appended hereto as exhibit B. Said complaint stated in pertinent part that "[t]he Defendant owes the Plaintiff the sum certain of $9,762.06 according to the account hereto annexed as Exhibit A." The account designated as "Exhibit A" in the complaint stated as follows:

> For Defendant's use of a credit card . . . which sum includes interest at the rate of 12.000% per annum, a reasonable attorney's fee of 15.000% as provided in the customer agreement and any payments made to date.
>
> TOTAL BALANCE DUE     $9,762.06.

10. Gold acted as Seymore's agent in connection with the above-described collection actions, and Gold's actions were within the scope of said agency relationship.

### Class Claims: Letter Violations

#### COUNT I

11. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12. The statement in the letter that "suit may be commenced by attachment of real estate or personal property" constituted a threat to take action which cannot legally be taken, in violation of section 1692e(5) of the FDCPA.

#### COUNT II

13. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

14. The statement in the letter that "suit may be commenced by attachment of real estate or personal property" constituted the use of a false representation and/or deceptive means in attempting to collect a debt in violation of section 1692e(10) of the FDCPA.

### COUNT III

15. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

16. The statement in the letter that "suit may be commenced by attachment of real estate or personal property" constituted an unfair means of attempting to collect a debt in violation of section 1692f of the FDCPA.

### Class Allegations

17. Plaintiff brings counts I – III of this complaint on behalf of herself and classes of persons similarly situated. Members of "Class A" are all persons to whom, according to Gold's records, Gold sent a letter concerning an alleged consumer debt within 1 year of the filing of this action seeking payment of an alleged consumer debt, which letter: (a) contained the statement described in paragraph 8, above, or one which was substantially similar; (b) was sent to a Massachusetts address; and (c) was not returned as undeliverable. Members of "Class B" are all members of "Class A" whose letter was sent on behalf of defendant Seymore. Excluded from the classes are current and former officers, directors, employees, and agents of defendants. Plaintiff alleges, on information and belief, that use of the subject language has been defendant Gold's standard practice, and thus the class is sufficiently numerous such that joinder is impracticable.

18. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether the subject language violates

the FDCPA as alleged, and whether defendants may be held jointly and severally liable to members of Class B.

19. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

20. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

21. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)     award plaintiff and class members statutory damages;

(iv)     award plaintiff and class members costs and reasonable attorney's fees;

(v)     hold defendants jointly and severally liable for all monetary awards to members of Class B;

(vi)     award such further relief as shall be just and proper.

**Class Claims: Complaint Violations (Interest)**

**COUNT IV**

22. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

23. The allegation in the complaint that plaintiff owed a sum which included interest computed at the "statutory rate of 12.00%," was false, since pursuant to G.L. c. 231, §6C, statutory interest is not owed unless and until it is awarded following entry of judgment.

24. Defendants used a false, deceptive, or misleading representation in connection with the collection of the alleged debt, in violation of section 1692e of the FDCPA.

**COUNT V**

25. The allegations of paragraphs 1 –10 are incorporated herein as if fully set forth.

26. Defendants misrepresented the amount of the alleged debt in violation of section 1692e(2)(a) of the FDCPA.

**Class Allegations**

27. Plaintiff brings counts IV and V of this complaint on behalf of herself and classes of persons similarly situated. Members of "Class C" are all persons against whom, according to Gold's records, Gold filed a collection complaint based on an alleged consumer debt within 1 year of the filing of this action which contained the misrepresentation regarding interest set forth in paragraph 9, above, and who according to the complaint resided in Massachusetts. Members of "Class D" are all members of "Class C" who were sued by Seymore in said actions. Plaintiff alleges, on information and belief, that use of the subject language has been defendant Gold's standard practice, and thus the class is sufficiently numerous such that joinder is impracticable.

28. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether the subject language violates the FDCPA as alleged, and whether defendants may be held jointly and severally liable to members of Class D.

29. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

30. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

31. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

      WHEREFORE, plaintiff prays that this Honorable Court:

    (i)     certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

    (ii)    appoint plaintiff as class representative and the undersigned as class counsel;

    (iii)   award plaintiff and class members statutory damages;

    (iv)   award plaintiff and class members costs and reasonable attorney's fees;

(v) hold defendants jointly and severally liable for all monetary awards to members of Class B;

(vi) award such further relief as shall be just and proper.

## Class Claims: Complaint Violations (Attorney's Fee)

### COUNT VI

32. The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

33. The allegation in "Exhibit A" of the complaint that the customer agreement provided for an attorney's fee of 15.000% was false. Alternatively, plaintiff alleges that the subject language is deceptive and misleading to an unsophisticated consumer because it can be reasonably read to mean that the customer agreement provided for an attorney's fee of 15.000%.

34. Defendants used a false, deceptive, or misleading representation in connection with the collection of the alleged debt, in violation of section 1692e of the FDCPA.

### Class Allegations

39. Plaintiff brings counts VI of this complaint on behalf of herself and classes of persons similarly situated. Members of "Class E" are all persons against whom, according to Gold's records, Gold filed a collection complaint based on an alleged consumer debt within 1 year of the filing of this action which contained the unlawful misrepresentation regarding attorney's fees set forth above, and whose customer agreement did not specifically provide for a 15% attorney's fee. Members of "Class F" are all members of "Class E" who were sued by Seymore in said actions. Plaintiff alleges, on information and belief, that use of the subject language has been defendant

Gold's standard practice, and thus the class is sufficiently numerous such that joinder is impracticable.

40. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether the subject language violates the FDCPA as alleged, and whether defendants may be held jointly and severally liable to members of Class F.

41. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

42. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

43. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

    WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)     award plaintiff and class members statutory damages;

    (iv)    award plaintiff and class members costs and reasonable attorney's fees;

    (v)    hold defendants jointly and severally liable for all monetary awards to members of Class F;

    (vi)    award such further relief as shall be just and proper.

## Individual Claims

### COUNT VII

44. The allegations of paragraphs 1 –10 are incorporated herein as if fully set forth.

45. At the time of the filing of the complaint, plaintiff did not owe any attorney's fees because Seymore had not incurred any attorney's fees to Gold.

46. By including an attorney's fee which was not owed in the alleged balance, defendants misrepresented the amount of the alleged debt in violation of section 1692e(2)(a) of the FDCPA.

### COUNT VIII

47. The allegations of paragraphs 1 – 45 are incorporated by reference as if fully set forth.

48. At the time of the filing of the complaint, including a 15.00% attorney's fee in the alleged debt was not authorized by the agreement creating the debt or permitted by law. The complaint therefore violated section 1692f(1) of the FDCPA.

    WHEREFORE, plaintiff prays that this Honorable Court award plaintiff statutory damages, costs and reasonable attorney's fees.

**Plaintiff claims trial by jury.**

SHELAGH A. SANTOS, plaintiff
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com